## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

ANTHONY GAINES,

     Plaintiff,

                                 CASE NO: 5:20-cv-00176-PGB-PRL

v.

JULIE L. JONES, SECRETARY OF
FLORIDA DEPARTMENT OF
CORRECTIONS, TRISTAN THOMAS,
E. PEREZ-LUGO, H. GEORGE, V.
MESA, STEVEN VEIGH, NAKILA
SCIPPIO, ELIZABETH BASSLER,
AARONIA HARPS, DR. NOEL,
HEATHER FESTA, NURSE LAKE,
K. WILLIAMS, AND
MS. NURSE

     Defendants.

_____/

## FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, ANTHONY GAINES, (hereinafter "GAINES"), by and through the

undersigned attorneys, and hereby files this Complaint against JULIE L. JONES, SECRETARY

OF THE FLORIDA DEPARTMENT OF CORRECTIONS, TRISTAN THOMAS, E. PEREZ-

LUGO, H. GEORGE, V. MESA, STEVEN VEIGH, NAKILA SCIPPIO, ELIZABETH

BASSLER, AARONIA HARPS, DR. NOEL, HEATHER FESTA, NURSE LAKE, K.

WILLIAMS, and MS. NURSE, and alleges as follows:

## PRELIMINARY STATEMENT

1.    This action arises from incidents that occurred September 28, 2017 to January 1,

    2019.  At all times pursuant to this action, GAINES was a detainee of the Florida

    Department of Corrections.  GAINES was incarcerated at Columbia Correctional

from September 2017 until March 17, 2018.  On or about March 18, 2018, GAINES was transferred to Lake Correctional Institute.

2.   On September 28, 2017, GAINES was injured by a negligently maintained water fountain.  GAINES had various injuries, including an obviously broken hand.

3.   GAINES was further injured when he was unlawfully battered on December 5, 2017 by Defendant Tristan Thomas, an employee of the Florida Department of Corrections (hereinafter "FDOC").

4.   This lawsuit seeks damages for: 1) the use of excessive force in violation of the Eighth Amendment to the United States Constitution, 2) the denial of adequate medical care in violation of the Eighth Amendment to the United States Constitution, 3) negligence, and 4) battery.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this matter under the following:

   a.   28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, and/or treaties of the United States;

   b.   28 U.S.C. § 1343 as this is a civil action seeking to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom and/or usage of a right, privilege or immunity secured by the Constitution of the United States and/or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

6.   GAINES' claims for relief are predicated, in part, upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States,

and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiff's in actions brought pursuant to 42 U.S.C. 1983.

7. GAINES further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state law claims for negligence and battery.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) because at the time of filing suit, GAINES resided in Orange County, Florida, and pursuant to 18 U.S.C. § 1965.

9. GAINES has complied with all pre-suit notice provisions of Section §768.28 Florida Statutes. (See attached exhibit A)

10. GAINES has exhausted all administrative remedies prior to filing this suit.

11. GAINES has not filed a prior action in regards to the subject incident or for any other violation of his civil rights.

**PARTIES**

12. GAINES was an inmate at Columbia Correctional Institute, Lake Correctional Institute or at Reception Medical Center (hereinafter "RMC") at all relevant times herein. GAINES was continuously incarcerated from December 20, 2016 until he was released on January 1, 2019.

13. All staff members mentioned herein were employees or agents of FDOC and acted within the scope of their employment or agency at all relevant times.

14. Defendant Julie L. Jones (hereinafter "Jones") was the Secretary of the FDOC at all times material to this suit. As such, she is responsible for the overall operations of the FDOC, including the operation of Florida's prison system and compliance with the Constitution and federal laws. Defendant Jones had a non-delegable duty to

provide constitutionally adequate medical care and safe facilities to all persons in her custody.  She is sued in her Individual capacity for relief.

15. Defendant Officer Tristan Thomas was a correctional officer at Lake Correctional Institute in December of 2017.  Defendant was at all times material to this action employed by the Defendant FDOC.  Defendant Tristan Thomas is sued in his individual capacity.

16. Defendant E. Perez-Lugo was the Chief Health Officer at Columbia Correctional Institute while GAINES was incarcerated there, during the time material to this action and was responsible for inmate health care at Columbia Correctional Institute. Defendant E Perez-Lugo is sued in his individual capacity.  Defendant E. Perez-Lugo's first name is unknown.  Dr. E. Perez-Lugo is a Hispanic male, approximately 5' 10" and 320 lbs.  Defendant Perez-Lugo is approximately 45 years old.

17. Dr. H. George was the Medical Director at Columbia Correctional Institute, while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute.  Defendant H. George is sued in his individual capacity.  Defendant H. George's first name is unknown.  Defendant H. George was a black male and upon information and belief had immigrated from an unknown country in Africa.  Defendant George is approximately 45-50 years old.

18. Dr. V. Mesa was the Chief Health Officer at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.  Defendant V. Mesa is sued in her individual capacity.  Defendant Mesa's first name is unknown.

Defendant Mesa was a slim Hispanic/black female of approximately 60 years of age. She was approximately 5' 7" and may have weighed 120-125 pounds.

19. Dr. Steven Veigh was a doctor at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute. Defendant Steven Veigh is sued in his individual capacity.

20. Nakila Scippio was a Licensed Practitioner Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute. Defendant Scippio is sued in her individual capacity.

21. Elizabeth Bassler was a Licensed Practitioner Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute. Defendant Bassler is sued in her individual capacity.

22. Aaronia Harps, was a Registered Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute. Defendant Harps is sued in her individual capacity.

23. Dr Noel was a doctor at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute. Defendant Noel is sued in his individual capacity. Defendant Noel's first name is unknown. Defendant Noel is a black male. He is approximately 6' 1" and weighed approximately 180-190 pounds.

24. Heather Festa was a Registered Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.  Defendant Festa is sued in her individual capacity.

25. Ms. Lake, was a Registered Nurse at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.  Defendant Lake is sued in their individual capacity.

26. K. Williams, was a Registered Nurse at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.  Defendant Williams is sued in her individual capacity. Defendant Williams' first name is unknown.  Defendant K. Williams is a light skinned black woman and is approximately 5' 6" and weighed approximately 180-190.  Defendant Williams was approximately 35 years old.

27. Ms. Nurse was a Registered Nurse at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.  Defendant Nurse is sued in her individual capacity. Defendant Nurse is a black female, in her mid 20s, and is approximately 5'4"and approximately 135-140 pounds.

CAUSES OF ACTION

COUNT I
EIGHTH AMENDMENT
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT JULIE L. JONES, SECRETARY OF THE FDOC,
IN HER INDIVIDUAL CAPACITY

28. GAINES incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

29. Defendant FDOC owned all facilities inside Lake Correctional Institution, including the water fountains.  As Secretary for FDOC, Julie L. Jones is responsible for the maintaining FDOC facilities to ensure the safety of inmates and for ensuring that all inmates are provided adequate medical care.

30. On September 28, 2017, GAINES took a drink of water from a water fountain owned by the FDOC, Defendant Jones knew or should have known that the water fountain had a loose panel because it frequently fell off prior to the incident.  When GAINES finished his drink and stepped back, a panel of the fountain fell off and landed between GAINES' legs, tripping him.

31. GAINES fell against the wall, injuring his hand, knee and back.

32. GAINES immediately went to Medical, where he was given an x-ray of his hand.  GAINES' hand was discovered to be broken in three places.  GAINES was given an ace bandage wrap, but the bone injury was not set and he was not given any further treatment for his hand.

33. GAINES was scheduled to go to RMC for treatment on November 28, 2017.  This trip was cancelled without explanation.

34. GAINES was again scheduled to go to RMC on December 5, 2017.  The morning he was to go, he was unlawfully attacked and injured by Defendant Thomas.

35. Immediately after the incident on the morning of December 5, 2017, GAINES was placed in confinement for approximately two weeks.

36. A second medical trip to RMC was cancelled on December 12, 2017.  No further explanation was given.

37. GAINES was then sent to RMC, where he met with a physical therapist on or about December 19, 2017.

38. The physical therapist had him do a range of motion exercises and determined that there was a problem with his back and knee.  She requested he be returned after the holidays for therapy.

39. As noted on GAINES' Chronological Medical Records on December 19, 2017, the physical therapist recommended physical therapy two times a week for 8 weeks for his back and neck pain and radiation, right hand pain, and right knee pain.

40. GAINES returned to Lake Correctional Institute on or about December 21, 2017.

41. GAINES was never returned for therapy in order to adequately treat his broken hand and injured knees; instead, he was placed in confinement until approximately March 17, 2018.

42. GAINES put in a sick call request on May 4, 2018 to be seen for his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas.

43. GAINES was triaged by an unknown provider on May 5, 2018 and seen on May 10, 2018, however no treatment or evaluation was provided.

44. On May 18, 2018, GAINES requested low bunk and cane passes, which he required due to the pain from his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas. Those requests were denied.

45. On July 6, 2018, GAINES puts in a sick call request for his pain and for a cold. He was seen, but only for the cold.

46. On August 10, 2018, GAINES puts in another sick call, specifically asking for help with the pain for his fracture, which was never set, and requesting a specialist. GAINES was seen by medical but was not given any meaningful evaluation or treatment.

47. On September 26, 2018, GAINES slipped and fell. This fall was partially due to FDOC's failure to provide appropriate walking aids after GAINES was injured by the water fountain and by Defendant Thomas. GAINES was given x-rays for his knee, back, and neck; however, he was never given any results or offered any treatment. After this fall, FDOC knew or should have known that his cane was insufficient.

48. On October 8, 2018, GAINES put in a sick call request for his pain, which by this point radiated into all limbs. He also requested his x-ray results.

49. GAINES fell down again on October 11, 2018, and again on October 28, 2018, further injuring both his knees.

50. On November 15, 2018, GAINES put in a sick call request for pain in his knees, back, neck, and hands.

51. On November 18, 2018, due both to his increasing pain from his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, as outlined in Count II of this complaint, as well as to FDOC's failure to issue him proper and necessary walking aids, GAINES fell down, exacerbating his existing injuries to his knees, back, and neck.

52. On December 7, 2018, GAINES put in another sick call request.  By that point he suffered from "electric current like pain" in his neck, arms, and legs, as well as back pain and numbness in his hands.

53. GAINES completed his sentence and was released from prison on January 1, 2019, without ever having his injuries evaluated or treated and without ever receiving the recommended physical therapy necessary to treat his injuries sustained in FDOC custody.

54. Defendant JONES, knew or should have known about GAINES' serious medical needs, both through his medical records and because he reported his condition to a series of FDOC employees over the years.  Gaines condition was also obvious from the increasing frequency of his falls.  In spite of all this, Defendant JONES intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

55. Defendant has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment.

56. Defendant knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, as outlined in count II of this Complaint, both through his medical records and because GAINES reported his condition to a series of FDOC employees over the years. GAINES' condition was also obvious from the increasing frequency of his falls. Yet Defendant disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms. Defendant Jones has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

57. By denying GAINES his medically needed evaluation and treatment, Defendant Jones has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment.

58. Defendant Jones' denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment.

59. Defendant Jones' actions with respect to the GAINES amounts to grossly inadequate care.

60. Defendant Jones' actions with respect to the GAINES' medical care were so cursory as to amount to no medical care at all.

61. As a direct and proximate result Defendant Jones' pattern, practice, policy, and deliberate indifference, GAINES suffered, and continues to suffer from, harm and violation of his Eighth Amendment rights.

WHEREFORE, GAINES prays for the following relief:

A. Judgment for compensatory damages in excess of $200,000;

B. Cost of Suit;

C. Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D. Trial by jury as to all issues so triable; and

E. Such other relief as this honorable Court may deem just and appropriate.

COUNT II
42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE
DEFENDANT TRISTAN THOMAS,
IN HIS INDIVIDUAL CAPACITY

62. GAINES incorporates by reference paragraphs 1 through 13 and 15 as if fully set forth herein.

63. Defendant Officer Tristan Thomas was a correctional officer at Lake Correctional Institute in December of 2017.  Defendant Thomas was escorting inmates onto a bus to transfer them to RMC on the morning of December 5, 2017.

64. On December 5, 2017, GAINES was scheduled to be transported to RMC to see a physical therapist for his hand, which was broken in his September 27, 2017 accident.

65. The morning of transport, FDOC denied GAINES was denied his psychotropic medication, which was necessary for his anxiety and depression.

66. The morning of the transport, when preparing to leave, GAINES requested his medication, and his requests were denied by Officer Tristan Thomas.

67. As soon as Officer Thomas denied GAINES' request for his medication, GAINES stated he was declaring a psychiatric emergency.

68. When GAINES declared a psychiatric emergency, Officer Thomas immediately grabbed GAINES by his neck and took him off the bus and around the corner to a location that would not be visible to the other inmates.  Officer Thomas then slammed GAINES to the ground, further aggravating the injuries to his head and neck that GAINES incurred when he tripped on the water fountain panel on September 28, 2017.

69. Immediately after the incident on the morning of December 5, 2017, GAINES was placed in confinement for approximately two weeks.

70. Defendant Thomas' actions on the occasion in question were wrongful, malicious, and reckless in depriving GAINES his constitutional rights, as alleged more fully below.

71. At all times material hereto, due to his position as a Correctional Officer employed by the FDOC, Defendant Thomas had a duty to avoid infliction of unjustified bodily injury on GAINES, to protect his bodily integrity and to not trample on his Constitutional rights.

72. Defendant Thomas failed to act as a reasonable guard would have acted in the same or similar circumstances.  Defendant Thomas, without justification and the need to do so, used excessive force as described above and injured GAINES without legal justification.  In doing so, Defendant Thomas breached his duty to GAINES. GAINES never made any threatening gestures toward Defendant Thomas, and

GAINES, and elderly man with a broken hand, did not pose an immediate threat to the safety of Defendant Thomas or others.

73. Defendant Thomas was not provoked when he grabbed GAINES by the neck, removed him from the bus, and slammed him to the ground for no lawful or justifiable reason.  GAINES was injured as a result of Defendant Thomas' action. The excessive force was not reasonable or justified, nor was it necessary under the circumstances.  The force used by Defendant Thomas was not a good faith effort to maintain or restore discipline, and was used maliciously and sadistically to cause harm.  The force used by Defendant Thomas not needed, and no reasonable officer could believe that the force Defendant Thomas used against GAINES, an elderly man with a broken hand, was a necessary response to any perceived threat.

74. Defendant Thomas committed the acts described herein in a gross disregard of GAINES' constitutional rights while acting under color of law, and specifically deprived GAINES of his constitutional right to be free from excessive force under the Eighth Amendment.

75. Defendant Thomas' outrageous conduct was a direct and proximate cause of GAINES' injuries.  GAINES suffered bodily injury and the resulting pain and suffering, mental anguish, and anticipates medical expenses for treatment and care. These losses are either permanent or continuing, and GAINES will suffer the losses in the future, in violation of his civil rights.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Judgment for Punitive damages against defendant Tristan Thomas;

C. Cost of Suit;

D. Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

E. Trial by jury as to all issues so triable; and

F. Such other relief as this honorable Court may deem just and appropriate.

COUNT III
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT E. PEREZ-LUGO, IN HIS INDIVIDUAL CAPACITY

76. GAINES incorporates by reference paragraphs 1 through 13 and 16 as if fully set forth herein.

77. Defendant E. Perez-Lugo was the Chief Health Officer at Columbia while GAINES was incarcerated there and was responsible for the health of the inmates incarcerated at Columbia Correctional Institute, including GAINES.

78. Defendant Dr. E. Perez-Lugo told GAINES in his response to the grievance on or about December 8, 2018 to "watch sick call" but never followed up with any exam, treatment, or evaluation.

79. Defendant Perez-Lugo knew of GAINES' serious medical needs due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, through both his medical records and the grievance he reviewed, yet Defendant Perez-Lugo intentionally failed and refused to provide treatment that would address those serious medical needs. Defendant Perez-Lugo did so knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

80. Defendant Perez-Lugo has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

81. Defendant Perez-Lugo knew or should have known of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated injuries, including his broken hand and bad knees.  Yet Defendant Perez-Lugo disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Perez-Lugo has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

82. By denying GAINES his medically necessary evaluation and treatment, Defendant Perez-Lugo has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment.

83. Defendant Perez-Lugo's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

COUNT IV
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT H. GEORGE, IN HIS INDIVIDUAL CAPACITY

84.  GAINES incorporates by reference paragraphs 1 through 13 and 17 as if fully set

forth herein.

85.  Dr. H. George was Medical Director at Columbia, while GAINES was incarcerated

there and during the time material to this action, and was responsible for inmate

health care at Columbia Correctional Institute.

86.  On May 21, 2018, Defendant George saw GAINES and determined that an x-ray was

needed.  Defendant George noted in GAINES records that he had "acute avulsion"

and "mallet finger."

87.  Notes by Defendant George on June 7, 2018 in GAINES' Chronological Record

indicate that the x-rays showed degenerative change of the cervical spine and

swelling of the right knee.  Defendant George did not conduct any further evaluation

and did not provide any further treatment.  Although Defendant George had access to

GAINES' medical records and knew or should have known that GAINES had

previously been determined to need physical therapy for his broken hand, Defendant

George made no effort to ensure that GAINES would be allowed to attend the

physical therapy treatment.

88.  Defendant George knew of GAINES' serious medical needs due to his untreated

broken hand from the September 27, 2017 accident and the untreated injuries to his

back, neck, and knees from the December 5, 2017 attack by Defendant Thomas,

through both GAINES' records and because GAINES told him, yet Defendant

George intentionally failed and refused to provide treatment that would address those

serious medical needs.  Defendant George knew that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

89. By failing to treat GAINES painful injuries, including his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, Defendant George has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

90. Defendant George knew of the substantial risk of serious harm, and actual harm, faced by GAINES his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, both through GAINES' medical records and because GAINES told him.  Defendant George disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant George has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

91. By denying GAINES his medically needed evaluation and treatment, Defendant George has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

92. Defendant George's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

COUNT V
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT V. MESA, IN HER INDIVIDUAL CAPACITY

93.  GAINES incorporates by reference paragraphs 1 through 13 and 18 as if fully set forth herein.

94.  Dr. V. Mesa was the Chief Health Officer at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.

95.  On or about October 10, 2017, GAINES was seen for his untreated broken hand from the September 27, 2017 accident, by Defendant Mesa and Defendant Veigh. Defendants Mesa and Veigh gave GAINES ibuprofen, a lay-in pass, and a cane but did not offer any further evaluation or treatment for GAINES' obvious injuries from his accident on September 17, 2017.  Defendants Veigh and Mesa requested a physical therapy evaluation but did not follow up to see if it was ever conducted.

96.  GAINES put in a sick call request, asking for pain relief for his untreated broken hand, on October 15, 2017.

97.  On October 20, 2017, Defendant V. Mesa made some notes in GAINES' Chronological Record of Health regarding GAINES' fractures.  However, Defendant

Mesa took no actions to relieve his pain, properly care for his injury, or evaluate him for further injuries.

98.  On or about October 20, 2017 GAINES' x-ray results were received.  The x-rays indicated GAINES had in fact broken his hand in several places.  Defendant Mesa reviewed the results but took no action to ensure that GAINES would receive any treatment.

99.  Defendant Mesa knew of GAINES' serious medical needs for evaluation, treatment, and appropriated walking aids, both through his access to GAINES medical records and because GAINES told him, yet Defendant Mesa intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

100. Defendant Mesa has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

101. Defendant Mesa knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his due to his untreated broken hand from the September 27, 2017 accident, both because he had access to GAINES' medical records, and because GAINES told him.  Yet Defendant Mesa disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms. Defendant Mesa has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

102. By denying GAINES his medically needed evaluation and treatment, Defendant Mesa has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

103. Defendant Mesa's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

<u>COUNT VI</u>
<u>DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED</u>
<u>42 U.S.C. § 1983</u>
<u>DEFENDANT STEVEN VEIGH, IN HIS INDIVIDUAL CAPACITY</u>

104. GAINES incorporates by reference paragraphs 1 through 13 and 19 as if fully set forth herein

105. Dr. Steven Veigh was a doctor at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.

106. On October 10, 2017 GAINES was seen for the untreated broken hand and pain that resulted from his September 17, 2017 accident by Defendant Mesa and Defendant Veigh.  Defendants Mesa and Veigh gave GAINES ibuprofen, a lay-in pass, and a cane but did not offer any further evaluation or treatment for GAINES' obvious

injuries.  Defendants Veigh and Mesa requested a physical therapy evaluation but did not follow up to see if it was ever conducted.

107. Defendant Veigh knew of GAINES' serious medical needs due to his untreated broken hand from both the September 28, 2017 accident, both because he had access to GAINES medical records and because GAINES told him, yet Defendant Veigh intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

108. Defendant Veigh has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

109. Defendant Veigh knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 28, 2017 accident, both because he had access to GAINES' medical records and because GAINES told him.  Yet Defendant Veigh disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Veigh has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

110. By denying GAINES his medically necessary evaluation and treatment, Defendant Veigh has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

111. Defendant Veigh's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

<u>COUNT VII</u>
<u>DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED</u>
<u>42 U.S.C. § 1983</u>
<u>DEFENDANT NAKILA SCIPPIO, IN HER INDIVIDUAL CAPACITY</u>

112. GAINES incorporates by reference paragraphs 1 through 13 and 20 as if fully set forth herein

113. Nakila Scippio was a Licensed Practitioner Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute.

114. On April 6, 2018 GAINES was seen for his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, by Defendant Scippio. Defendant Scippio did not offer any real evaluation or treatment.

115. On July 27, 2018, GAINES put in a sick call request for his pain from his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas.  He

was seen by Defendant Scippio.  She acknowledged GAINES was in severe pain, but refused to provide any further evaluation or treatment.

116. On August 10, 2018, Defendant Scippio evaluated GAINES again.  She noted the deformities in his ring and pinky finger, however, did not offer any new evaluations or treatment.

117. On August 15, 2018, GAINES put in a sick call request for his back pain and hand fracture, once again requesting a specialist.  Defendant Scippio and J. Fuller evaluated him.  The records note that GAINES stated that he now had pain which radiated down his leg.  Defendant Scippio still did not offer GAINES any further evaluation or treatment.

118. On October 11, 2018, Defendant Scippio saw GAINES again.  Defendant Scippio did not offer any further evaluation or treatment.

119. On November 2, 2018, GAINES was seen by Defendant Scippio.  Defendant Scippio noted swelling of both his knees.  She offers no further treatment or evaluation.

120. On December 11, 2018, GAINES was seen by defendants N. Scippio and A. Robinson for his symptoms, including numbness in his hands.  Defendant Scippio did not give GAINES any further evaluation or treatment.

121. Defendant Scippio knew of GAINES' serious medical needs due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, both through his medical records and because he told her, yet Defendant Scippio intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions

have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

122. Defendant Scippio has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

123. Defendant Scippio knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, both through GAINES' medical records and because GAINES told her. Yet Defendant Scippio disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Scippio has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

124. By denying GAINES his medically necessary evaluation and treatment, Defendant Scippio has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

125. Defendant Scippio's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

COUNT VIII
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT ELIZABETH BASSLER, IN HER INDIVIDUAL CAPACITY

126. GAINES incorporates by reference paragraphs 1 through 13 and 21 as if fully set forth herein.

127. Elizabeth Bassler was a Licensed Practitioner Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute.

128. On June 26, 2018, GAINES put in a sick call request for further evaluation of his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint.  He was seen for his neck, knee, hand, and back pain by Defendants E. Bassler and A. Harps.  Neither Defendant Bassler nor Defendant Harps offered any further treatment or evaluation.

129. On July 13, 2018, GAINES put in another request to be seen for his pain from his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas.  He was seen by Defendants Bassler and K. Cantrell.  Neither Defendant Bassler nor Defendant Cantrell offered any further treatment or evaluation.

130. Defendant knew of GAINES' serious medical needs for evaluation and treatment of his untreated broken hand from the September 27, 2017 accident and the untreated

injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, both through GAINES' medical records and because GAINES told her, yet Defendant intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

131. Defendant Bassler has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

132. Defendant Bassler knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint. Yet Defendant Bassler disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms. Defendant Bassler has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

133. By denying GAINES his medically needed evaluation and treatment, Defendant Bassler has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

134. Defendant Bassler's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

COUNT IX
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT AARONIA HARPS IN HER INDIVIDUAL CAPACITY

135. GAINES incorporates by reference paragraphs 1 through 13 and 22 as if fully set forth herein.

136. Aaronia Harps was a Registered Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute.

137. On June 26, 2018, GAINES put in a sick call request for further evaluation of his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint.  He is seen for his neck, knee, hand, and back pain by Defendants E. Bassler and A. Harps.  Neither Defendant Bassler nor Defendant Harps offered any further evaluation or treatment.

138. Defendant Harps knew of GAINES' serious medical needs from his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, both through GAINES' medical records and because

GAINES told her, yet Defendant Harps intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

139. Defendant Harps has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs for evaluation and treatment of GAINES' untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, in violation of the Eighth Amendment of the United States Constitution.

140. Defendant Harps knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas.  Yet Defendant Harps disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Harps has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

141. By denying GAINES his medically needed evaluation and treatment, Defendant Harps has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

142. Defendant Harp's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A. Judgment for compensatory damages in excess of $200,000;

B. Cost of Suit;

C. Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

D. Trial by jury as to all issues so triable; and

E. Such other relief as this honorable Court may deem just and appropriate.

COUNT X
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT DR. NOEL, IN HIS INDIVIDUAL CAPACITY

143. GAINES incorporates by reference paragraphs 1 through 13 and 23 as if fully set forth herein

144. Defendant Noel was a doctor at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.

145. On January 15, 2018, GAINES put in a sick call request for the pain in his back, knee, and legs due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint. Defendant Noel saw him.  Defendant Noel did not provide any further evaluation or any effective treatment.

146. Defendant Noel knew of GAINES' serious medical need for evaluation and treatment of his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, yet Defendant Noel

intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

147. Defendant Noel has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES for his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas, in violation of the Eighth Amendment of the United States Constitution.

148. Defendant Noel knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint. Yet Defendant Noel disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Noel has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

149. By denying GAINES his medically necessary evaluation and treatment, Defendant Noel has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

150. Defendant Noel's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

COUNT XI
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT HEATHER FESTA, IN HER INDIVIDUAL CAPACITY

151. GAINES incorporates by reference paragraphs 1 through 13 and 24 as if fully set forth herein.

152. Heather Festa was a Registered Nurse at Columbia Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.

153. GAINES was seen on October 10, 2017 for the pain due to his untreated broken hand from both the September 28, 2017 injury.  Defendants H. Festa, Lake, V. Mesa, Castro and Dr. Veigh all either saw him or examined his records.  He was given ibuprofen, a lay-in pass, and a cane but given no further evaluation or treatment for his obvious injuries.  A physical therapy consult was requested by the Defendants after the visit, but none of the medical personnel, including Defendant Festa ever followed up to ensure it was completed.

154. On December 13, 2017, GAINES was seen by Defendant H. Festa.  Defendant Festa noted there was no indication of a fracture, in spite of his recent x-rays indicating he had three fractures in his hand.

155. Defendant Festa knew of GAINES' serious medical needs due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint,  both through GAINES' medical records and because GAINES told her, yet Defendant Festa intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

156. By failing to provide treatment for GAINES' untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint.  Defendant Festa has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

157. Defendant Festa knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint.  Yet Defendant Festa disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Festa has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

158. By denying GAINES his medically needed evaluation and treatment, Defendant Festa has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

159. Defendant Festa's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A. Judgment for compensatory damages in excess of $200,000;

B. Cost of Suit;

C. Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D. Trial by jury as to all issues so triable; and

E. Such other relief as this honorable Court may deem just and appropriate.

COUNT XII
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED
42 U.S.C. § 1983
DEFENDANT LAKE, IN HER INDIVIDUAL CAPACITY

160. GAINES incorporates by reference paragraphs 1 through 13 and 25 as if fully set forth herein.

161. Defendant Lake was a Registered Nurse at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.

162. GAINES was seen on October 10, 2017 in relation to his untreated broken hand from the September 28, 2017 injury.  Defendants H. Festa, Lake, V. Mesa, Castro and Dr. Veigh all either saw him or examined his records.  He was given ibuprofen, a lay-in pass, and a cane but given no further evaluation or treatment for his obvious injuries.

A physical therapy consult was requested but none of the medical personnel, including Defendant Lake ever followed up.

163. Defendant Lake knew of GAINES' serious medical needs from his untreated broken hand from both the September 28, 2017 injury, through GAINES' medical records, yet Defendant Lake intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

164. By failing to offer GAINES any treatment, Defendant Lake has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

165. Defendant Lake knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 28, 2017 injury. Yet Defendant Lake disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms. Defendant Lake has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

166. By denying GAINES his medically needed evaluation and treatment, Defendant Lake has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

167. Defendant Lake's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42  U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

COUNT XIII<br>
DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED<br>
42 U.S.C. § 1983<br>
DEFENDANT K. WILLIAMS, IN HER INDIVIDUAL CAPACITY

168. GAINES incorporates by reference paragraphs 1 through 13 and 26 as if fully set forth herein.

169. Defendant K. Williams was a Registered Nurse at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Columbia Correctional Institute.

170. On December 5, 2017, after GAINES was attacked and injured by Defendant Thomas, GAINES was triaged by Defendant K. Williams.  In spite of his obvious injuries and pain from his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, she cleared him to go to confinement without any real evaluation or treatment. GAINES remained in confinement for approximately two weeks.

171. Defendant K. Williams knew of GAINES' serious medical needs due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint,  through his medical records, yet Defendant K. Williams intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

172. Defendant K. Williams has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

173. Defendant K. Williams knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 27, 2017 accident and the untreated injuries to his back, neck, and knees from the December 5, 2017 attack by Defendant Thomas as outlined in count II of this Complaint, yet Defendant K. Williams disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant K. Williams has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

174. By denying GAINES his medically needed evaluation and treatment, Defendant K. Williams has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

175. Defendant K. Williams' denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

<u>Count XIV</u>
<u>DELIBERATE INDIFFERNCE TO A SERIOUS MEDICAL NEED</u>
<u>42 U.S.C. § 1983</u>
<u>DEFENDANT NURSE, IN HER INDIVIDUAL CAPACITY</u>

176. GAINES incorporates by reference paragraphs 1 through 13 and 27 as if fully set forth herein.

177. Nurse was a Registered Nurse at Lake Correctional Institution while GAINES was incarcerated there and during the time material to this action, and was responsible for inmate health care at Lake Correctional Institute.

178. Defendant Nurse' responsibility at Lake Correctional was to triage inmates who came to sick call. Every time an inmate went to sick call during her shift, they would see Defendant Nurse before seeing other providers.

179. On or about October 2, 2017, GAINES went to medical to have his bandage from his September 27, 2017 accident changed. Upon seeing him, Defendant Nurse told him "Gaines, you come here so much I'm getting tired of you." Defendant Nurse then

laughed.  Defendant Nurse changed his bandage but did not provide any further treatment or evaluation.

180. Defendant Nurse knew of GAINES' serious medical needs due to his untreated broken hand from the September 28, 2017, yet Defendant Nurse intentionally failed and refused to provide treatment that would address those serious medical needs, knowing that those actions have resulted, and will continue to result, in GAINES' continued suffering, as well as expose him to continued risk of permanent disability.

181. Defendant Nurse has caused the wanton infliction of pain upon GAINES, and has exhibited deliberate indifference to the serious medical needs of GAINES in violation of the Eighth Amendment of the United States Constitution.

182. Defendant Nurse knew of the substantial risk of serious harm, and actual harm, faced by GAINES due to his untreated broken hand from the September 28, 2017 injury. Yet Defendant Nurse disregarded those risks and harms by failing to provide evaluation and treatment to alleviate those risks and harms.  Defendant Nurse has been deliberately indifferent to the substantial risk of harm to GAINES due to his multiple untreated injuries.

183. By denying GAINES his medically needed evaluation and treatment, Defendant Nurse has imposed punishment far in excess of that authorized by law, contrary to the Eighth Amendment of the United States Constitution.

184. Defendant Nurse's denial of GAINES' medically necessary evaluation and treatment violates all standards of decency, contrary to the Eighth Amendment of the United States Constitution.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Reasonable attorney fees, pursuant to 42 U.S.C. § 1983;

D.  Trial by jury as to all issues so triable; and

E.  Such other relief as this honorable Court may deem just and appropriate.

<u>Count XV</u>
<u>NEGLIGENCE</u>
<u>DEFENDANT JULIE L. JONES, SECRETARY OF FDOC,</u>
<u>IN HER INDIVIDUAL CAPACITY</u>

185. GAINES incorporates by reference paragraphs 1 through 14 and 50-53 as if fully set forth herein.

186. At all times material to this case, FDOC owed a duty of care to GAINES to protect his health and safety.

187. Defendant FDOC breached that duty in failing to keep the water fountain in good repair.

188. On or around September 27, 2017, a large metal panel fell of a water fountain, injuring GAINES.

189. It was foreseeable that the front panel of the water fountain would fall off, as it had multiple times prior to GAINES' injury on September 28, 2017.

190. It was foreseeable that a large metal panel falling would cause an injury to anybody nearby.

191. Defendant FDOC's failure to maintain the water fountain was the actual and proximate cause of GAINES' injury.

192. As a result of Defendant FDOC's negligence, GAINES suffered bodily injury and the resulting pain and suffering, mental anguish, and anticipates medical expenses

for treatment and care.  These losses are either permanent or continuing, and GAINES will suffer the losses in the future.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Trial by jury as to all issues so triable; and

D.  Such other relief as this honorable Court may deem just and appropriate.

<u>COUNT XVI</u>
<u>BATTERY</u>
<u>DEFENDANT TRISTAN THOMAS, IN HIS INDIVIDUAL CAPACITY</u>

193. GAINES incorporates by reference paragraphs 1 through 13, and 15 as if fully set forth herein.

194. Defendant Officer Tristan Thomas was a correctional officer at Lake Correctional Institute in December of 2017.  Defendant Thomas was escorting inmates onto a bus to transfer them to RMC on the morning of December 5, 2017.

195. On December 5, 2017, GAINES was scheduled to be transported to RMC to see a physical therapist for his hand, which was broken in his September 27, 2017 accident.

196. The morning of transport, FDOC denied GAINES was denied his psychotropic medication, which was necessary for his anxiety and depression.

197. The morning of the transport, when preparing to leave, GAINES requested his medication, and his requests were denied by Officer Tristan Thomas.

198. As soon as Officer Thomas denied GAINES' request for his medication, GAINES stated he was declaring a psychiatric emergency.

199. When GAINES declared a psychiatric emergency, Officer Thomas immediately grabbed GAINES by his neck and took him off the bus and around the corner to a location that would not be visible to the other inmates.  Officer Thomas then slammed GAINES to the ground, further aggravating the injuries to his head and neck that GAINES incurred when he tripped on the water fountain panel on September 28, 2017.

200. Defendant Thomas' actions on the occasion in question were wrongful, malicious, and reckless as alleged more fully below.

201. At all times material hereto, due to his position as a Correctional Officer employed by the FDOC, Defendant Thomas had a duty to avoid infliction of unjustified bodily injury on GAINES, to protect his bodily integrity.

202. Defendant Thomas failed to act as a reasonable guard would have acted in the same or similar circumstances.  Defendant Thomas, without justification and the need to do so, used excessive force as described above and injured GAINES without legal justification.  In doing so, Defendant Thomas breached his duty to GAINES. GAINES never made any threatening gestures toward Defendant Thomas, and GAINES, and elderly man with a broken hand, did not pose an immediate threat to the safety of Defendant Thomas or others.

203. Defendant Thomas was not provoked when he grabbed GAINES by the neck, removed him from the bus, and slammed him to the ground for no lawful or justifiable reason.  GAINES was injured as a result of Defendant Thomas' action. The excessive force was not reasonable or justified, nor was it necessary under the circumstances.  The force used by Defendant Thomas was not a good faith effort to

maintain or restore discipline, and was used maliciously and sadistically to cause

harm.  The force used by Defendant Thomas not needed, and no reasonable officer

could believe that the force Defendant Thomas used against GAINES, an elderly

man with a broken hand, was a necessary response to any perceived threat.

204. Defendant Thomas' outrageous conduct was a direct and proximate cause of

GAINES' injuries.  GAINES suffered bodily injury and the resulting pain and

suffering, mental anguish, and anticipates medical expenses for treatment and care.

These losses are either permanent or continuing, and GAINES will suffer the losses

in the future.

205. Under Florida law, the elements of Battery are the intentional infliction of a harmful

or offensive contact. *Quilling v. Price*, 894 So.2d 1061 (Fla. 5th DCA 2005).

206. Defendant Thomas committed a battery on GAINES when he intentionally grabbed

GAINES by the neck, removed him from the bus, and threw him down, resulting in

bodily harm to GAINES.

207. Defendant's acts were intentional, done with malice, and/or showed a deliberate,

willful, wanton, and reckless indifference to the consequences of his acts, including

the violation of GAINES' rights, for which he is entitled to an award of punitive

damages.

208. As a result of Defendant's battery, GAINES suffered bodily injury and the resulting

pain and suffering, mental anguish, and anticipates medical expenses for treatment

and care.  These losses are either permanent or continuing, and GAINES will suffer

the losses in the future.

WHEREFORE, GAINES prays for the following relief:

A.  Judgment for compensatory damages in excess of $200,000;

B.  Cost of Suit;

C.  Trial by jury as to all issues so triable; and

D.  Such other relief as this honorable Court may deem just and appropriate.

RESPECTFULLY submitted this 6th day of August, 2020.

*/s/ Stanley W. Plappert*
STANLEY W. PLAPERT, ESQUIRE
Attorney for the Plaintiff
Florida Bar No. 76603
The Florida Legal Advocacy Group, P.A.
1024 E. Silver Springs Boulevard
Ocala, FL 34470
(352) 732-8030 Telephone
(888) 399-3129 Facsimile
SWP@TheFloridaLegalAdvocacyGroup.com